1
2
3
4
5
6
7
8     UNITED STATES DISTRICT COURT
9     SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  W. BYRON MITCHELL, JR. and<br>12  NANCY L. MITCHELL, individuals,,<br><br>13                                    Plaintiffs,<br>14  v.<br>15  TOTAL WEALTH MANAGEMENT<br>     INC., a California corporation, et al.,<br>16<br>                                    Defendants.<br>17<br>18 | Case No.:  14cv1552-GPC-JLB<br><br>**ORDER FOLLOWING<br>STIPULATION BY PLAINTIFFS<br>AND DEFENDANTS MCNAMEE<br>AND SHOEMAKER TO STAY<br>ENTIRE ACTION**<br><br>[ECF No. 61] |

19
20        Upon consideration of the Stipulation to Stay Entire Action submitted by Plaintiffs
21  W. Byron Mitchell, Jr. and Nancy L. Mitchell and Defendants Nathan P. McNamee and
22  Douglas D. Shoemaker (ECF No. 61), and upon good cause shown, the Court hereby
23  STAYS this case in its entirety.
24                              **BACKGROUND**
25        On February 6, 2015, Receiver Kristen A. Janulewicz ("Receiver") filed a Notice of
26  Pending Receivership regarding her appointment as a temporary Receiver for Total Wealth
27  Management Inc. ("TWM"), and its subsidiaries and affiliates, including, but not limited
28  to Atlus Capital Management, LLC, in *Securities and Exchange Commission v. Total*

*Wealth Management*, Case No. 15-cv-226-BAS (DHB) (the "*Receivership Action*").  (ECF No. 49.)

On February 12, 2015, District Judge Cynthia Bashant (hereinafter "the Receivership Court") issued a preliminary injunction order, wherein she appointed the Receiver as a permanent receiver.  (*Receivership Action*, ECF No. 8.)  The order appointing a permanent receiver provides that:

> [E]xcept by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors and all other persons or entities seeking relief of any kind, in law or in equity, from Defendant Total Wealth Management, Inc., or its subsidiaries or affiliates . . . are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities . . . commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the SEC or any other action by the government) against any of them . . . .

(*Id.* at 11.)

On February 17, 2015, this Court issued an Order to Show Cause ("OSC") why this action should not be stayed during the pendency of the receivership in the *Receivership Action*.  (ECF No. 51.)  Defendants did not file a response.  Following consideration of Plaintiffs' and the Receiver's responses (ECF Nos. 52 & 53) and Plaintiffs' reply brief (ECF No. 54), the Court granted Plaintiffs' request to proceed with their case against McNamee, Shoemaker, Capital, and Financial Council (collectively, the "McNamee/Shoemaker Defendants").  (ECF No. 57.)  The Court denied Plaintiffs' request to conduct discovery against TWM, Altus Fund, Altus Capital, and Cooper for purposes of pursuing their claims against the McNamee/Shoemaker Defendants, finding that discovery falls within the Receivership Court's order prohibiting investors from "prosecuting [or] continuing . . . any suit or proceeding" against the defendants in the Receivership Action.  (*Id.* (citing *Receivership Action*, ECF No. 8 at 11).)  The Court ordered the Receiver to provide the Court with a status update in the *Receivership Action* on or by August 14, 2015.  (*Id.*)

///

On March 12, 2015, the Receiver filed her Initial Report and Recommendations and Petitions for Instructions ("Initial Report").  (*Receivership Action*, ECF No. 17.)   On August 7, 2015, the Receiver filed her First Interim Report and Petition for Further Instructions (the "Interim Report").  (*Id.*, ECF No. 43.)  On August 13, 2015,  the Receiver filed a Status Report with this Court, stating that "her investigation and asset recovery efforts are incomplete as of the date of [the] Status Report" and requesting that this Court continue its stay of this matter pending further updates from the Receiver.  (ECF No. 58 at 3.)

On September 2, 2015, Plaintiffs and the McNamee/Shoemaker Defendants filed a joint Stipulation to Stay Entire Action.  (ECF No. 61.)

## DISCUSSION

In their response to the Court's OSC, the Mitchelll Plaintiffs asked this Court to allow them to proceed in litigating their claims against the McNamee/Shoemaker Defendants because the Mitchell Plaintiffs seek only the personal assets of these defendants, which they contend are not part of the Receivership *res*.  (ECF No. 53 at 5-6.) Plaintiffs argued that they would suffer substantial injury if they are not allowed to proceed because they both are of advanced age and cannot retire until they recover their "nest egg" from Defendants.  (*Id.*)

In her response, Receiver acknowledged that the preliminary injunction does not bar prosecution of litigation against the individual defendants in this case or entities not deemed to be Receivership Entities[1].  (ECF No. 52 at 1.)  However, for practical reasons, the Receiver recognized that the injunction "has significant implications" in connection with discovery, summary judgment, and potential judgment enforcement actions that may be undertaken against the individual and non-receivership defendants.  (*Id.* at 4.) Additionally, the Receiver noted "that those defendants in this matter to whom the

---

[1]  The Receiver defines the "Receivership Entities" as "Total Wealth Management, Inc. and its subsidiaries and affiliates, including but not limited to Altus Capital Management, LLC."  (ECF No. 52 at 1.)

3

litigation stay does not apply will almost certainly become subjects of the Receiver's investigation effort, and may themselves become defendants or relief defendants in the Receivership Case or in Receivership Asset recovery litigation brought by the Receiver." (*Id.* at 5.)  The Receiver notes that, For this reason, failing to impose a blanket stay in this case could result in a "race to the courthouse," wherein some claimants may obtain relief first, to the detriment of other claimants.  (*Id.*)  The Receiver also argued that judicial economy militates against evaluating claims in a piecemeal fashion.  (*Id.*)  Accordingly, the Receiver did not object to the Court staying the action in its entirety pending resolution of the *Receivership Action*.  (*Id.*)

Given that Plaintiffs and the Receiver agreed that the McNamee/Shoemaker Defendants are not currently part of the *Receivership Action*, finding speculative that the assets of the McNamee/Shoemaker Defendants may at some future date become part of the receivership *res*, and finding that Plaintiffs' interest in proceeding against the McNamee/Shoemaker Defendants outweighed the Receiver's interest in preventing any future, theoretical impact on the receivership *res*, the Court granted Plaintiffs' request to proceed with their case against the McNamee/Shoemaker Defendants.  (*See* ECF No. 57 at 4-7.)  With respect to a related case with identical defendants as in the instant case, *Bruce J. Staniforth v. Total Wealth Management, et al.*, Case No. 14-cv-1899-GPC-JLB (the "*Staniforth Action*"), the Court stayed the case in its entirety where Plaintiff did not object to the stay in the interest of judicial efficiency.  (*See Staniforth Action*, ECF No. 43 at 3-6.)

"The power of a district court to impose a receivership or grant other forms of ancillary relief . . . derives from the inherent power of a court of equity to fashion effective relief."  *SEC v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980).  The "primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors."  *SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986).  In order to effectuate this goal, the receivership court has authority to enjoin individuals from proceeding in another court in order to prevent interference with a

receivership action. *Wencke*, 622 F.2d at 1371-72 (upholding district court's order staying state action by nonparties against receivership entities because "[t]here is a strong federal interest in insuring effective relief in SEC actions brought to enforce the securities laws").

In the instant case the parties have asked this Court, as opposed to the Receivership Court, for permission to proceed. Plaintiffs and the McNamee/Shoemaker Defendants now jointly request that this action be stayed in its entirety. The Parties state that they believe that judicial economy and efficiency would be served by staying this action in its entirety pending further order of this Court.[1]  (ECF No. 61 at 3.)

The Court allowed the instant case to proceed against the McNamee/Shoemaker Defendants after weighing the Plaintiffs' interests in proceeding against the Receiver's interest in preventing any future, theoretical impact on the receivership *res*. *See SEC v. Universal Fin.*, 760 F.2d 1034, 1037-38 (9th Cir. 1985) (considering, among other things, "whether the moving party will suffer substantial injury if not permitted to proceed" in deciding whether to except applicants from a blanket receivership stay) (quoting *SEC v. Wencke*, 742 F.2d 1230, 1231 (9th Cir. 1984)).  Plaintiffs now support a stay of this action.  In light of the Parties' agreement that staying this action would serve judicial economy and efficiency, the court herby **STAYS** this case in its entirety.

In so ruling, the Court is cognizant of the fact that the Receivership Court is more knowledgeable about the status of the SEC's administrative action and the Receivership Action.  Absent an intervening ruling from the Receivership Court that affects this case, the Court orders the Receiver to provide this Court with an update regarding the status of the *Receivership Action* on or before **December 1, 2015**.

///

---

[1] The Parties also note that counsel for Plaintiff in the *Staniforth Action* has indicated that "he believes it would inequitable to allow the instant Action to proceed against the McNamee/Shoemaker Defendants while the *Staniforth* Action is stayed in its entirety" and that "he will be forced to either bring a motion to lift the stay in the *Staniforth* Action or seek to stay the instant Action."  (ECF No. 61 at 2-3.)

5

## CONCLUSION

For the foregoing reasons, the Court:

1. **STAYS** this case in its entirety; and

2. **ORDERS** the Receiver to provide this Court with an update regarding the status of the *Receivership Action* on or by **December 1, 2015**.

**IT IS SO ORDERED**.


Dated:  September 21, 2015

Hon. Gonzalo P. Curiel
United States District Judge

14cv1552-GPC-JLB